**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000086
26-SEP-2014
11:47 AM**

NO. CAAP-13-0000086

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JUNE-JUNE MAS ABDON, Plaintiff-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 12-1-0636)

MEMORANDUM OPINION
(By:  Fujise and Ginoza, JJ.,
with Nakamura, C.J., concurring separately.)

Defendant-Appellant June-June Mas Abdon (Abdon) appeals from the January 16, 2013 Judgment of Conviction and Sentence (Judgment) in which the Circuit Court of the First Circuit (Circuit Court)[1] after a jury verdict of guilt, adjudicated Abdon guilty of Sexual Assault in the First Degree (SA1) pursuant to Hawaii Revised Statutes (HRS) § 707-730 (1993) and sentenced Abdon to incarceration for an indeterminate term of twenty years with credit for time served.

Abdon's challenge rests on two points of error:  First, the Circuit Court's refusal, over the requests of both Abdon and the State of Hawai'i (the State), to instruct the jury on the lesser-included offense of Sexual Assault in the Third Degree pursuant to HRS § 707-732 (1993).  Second, the denial of Abdon's post-verdict motion for judgment of acquittal, in which Abdon argued that the State failed to present evidence that the prosecution commenced within the six-year statute of limitations

---

[1]      The Honorable Glenn J. Kim presided.

period set out in HRS §§ 701-114(1)(e) (1993) and 701-108 (Supp. 1997).[2]

## I.

On April 24, 2012, an indictment was filed against Abdon for Sexual Assault in the First Degree in violation of HRS § 707-730. The indictment stated as follows:

> The Grand Jury charges:
>
> On or about the 1st day of June, 1997, to and including the 30th day of June, 1997, in the City and County of Honolulu, State of Hawaii, JUNE-JUNE MAS ABDON did knowingly subject to sexual penetration, [complaining witness (CW)], who was less than fourteen years old, by inserting his penis into her genital opening, thereby committing the offense of Sexual Assault in the First Degree, in violation of Section 707-730(1)(b) of the Hawaii Revised Statutes. [CW] was born on April 26, 1988, became eighteen years of age on April 26, 2006, and is still alive. Section 701-108(6)(c) of the Hawaii Revised Statutes.
>
> A True Bill found this day: April 24, 2012[3]

CW testified that she was born on April 26, 1988, and was twenty-four years old at the time of trial. When she was growing up, she lived with her parents and uncle. CW lived in Hawai'i until May 2006, when she graduated from high school and moved to Las Vegas to attend college and to work.

CW identified Abdon as her uncle, her father's half-brother. When CW was about six or seven years old, CW's parents sponsored Abdon and brought him from the Philippines to Hawai'i to live with them. Abdon shared a bedroom with CW in her family's two-bedroom house. CW slept on the top of a bunk bed and Abdon slept on the bottom bunk.

CW testified that the events that formed the basis for the charges against Abdon occurred in June 1997. CW testified that Abdon subjected her to acts of sexual penetration and sexual contact. Abdon told CW not to tell her parents about these occurrences, and she complied because she thought she would get in trouble.

---

[2] The alleged offense occurred on or about June 1, 1997 to and including June 30, 1997. HRS § 701-108(1), which does not apply here, was amended effective June 16, 1997. 1997 Haw. Sess. Laws 290-91.

[3] The date "April 24, 2012" was handwritten by the foreperson of the grand jury.

After these alleged incidents, Abdon continued to live with CW and her parents. Abdon continued to sleep in CW's bedroom, until, when CW was about eleven or twelve years old and Abdon had graduated from high school, he moved out.

CW did not really understand what had happened to her until she received sex education in the fifth grade. However, she still did not tell anyone because she was embarrassed and thought she would get in trouble.

In 2010, after CW had graduated from high school and moved to Las Vegas, CW first told her sister about the incidents with Abdon. CW eventually went to the Las Vegas Police Department.

Abdon, who was thirty-three years old at the time of trial, testified that he had come to Hawai'i in October 1995 when he was sixteen years old to "have a better life here and to have a surgery on my foot" because he had suffered from polio.

When Abdon arrived in 1995, he started as a freshman at Waialua High School. After school, Abdon would do housework and play basketball, golf, and fish with CW and two children that lived next door. Abdon testified that CW and he "were friends" and got along "very well."

Abdon categorically denied having intercourse with CW or touching CW inappropriately. Abdon could not recall what he was doing "every second of every day from June 1, 1997, through June 30, 1997" because it was too long ago. After Abdon moved out in 1999, CW and he "were still friends" and nothing had changed with regard to their relationship.

After Abdon's testimony, the Defense rested. The Defense moved for a judgment of acquittal, as it did at the end of the State's case-in-chief, again arguing that "the time frame given on the stand by the complainant in this case basically does not specify any time whatsoever." The Circuit Court again denied Abdon's motion for judgment of acquittal.

On October 24, 2012, during the settling of jury instructions, the Circuit Court rejected Abdon's requested jury instruction, over the objection of both Abdon and the State, on the lesser-included offense of third degree sexual assault, reasoning as follows:

3

> She was clear and unequivocal, he was just as clear
> and unequivocal, and the only evidence in this case is her
> word against his, period, and in order to convict him, the
> jury's got to believe her version and disbelieve the
> Defendant, and if they did that, then I don't see how a
> reasonable juror could say, well, we believe her but maybe
> he didn't really penetrate her. I think it would be, if
> they were to acquit on Sex 1 and convict of Sex 3, it would
> be on an inappropriate basis, it would be a compromise,
> because some people don't want to convict him at all and
> some people do and they compromise and say, okay, how about
> Sex 3.

On October 25, 2012, the jury reached a unanimous verdict, finding Abdon guilty-as-charged of SA1.

On November 1, 2012, Abdon again moved for a judgment of acquittal, arguing for the first time that the State failed to prove beyond a reasonable doubt that the prosecution commenced within the six-year statute of limitations period in accordance with HRS §§ 701-114(1)(e) and 701-108.

At a December 12, 2012 hearing on Abdon's motion, the Circuit Court expressed its uncertainty about the issue:

> THE COURT: . . . I guess I have to take
> responsibility for starting this whole thing in motion
> following the verdict. And at that time, I was pretty
> convinced that the argument that [defense counsel] has just
> put on record was the correct one.
>
> However, in thinking about the matter further, reading
> the moving papers, reading the State's memorandum in
> opposition, I find myself persuaded by the State's basic
> argument, that in the so-called, quote, unquote, normal
> situation, all that's required is the date of the offense.
> All that's required is that, number one, the State adduce
> evidence to that effect, and, number two, the jury -- it
> goes to the jury as an element of the offense. And that's
> normally all that's required to satisfy the statute of
> limitations issue and the applicable statutes involved. The
> date of the charging instrument is never sent to the jury.
> It's never part of the elements of the offense that they
> have to find beyond a reasonable doubt. And that's normally
> all that's needed to suffice.
>
> In this case, I do believe that the date of birth of
> the complainant and, of course, the fact that she was
> continuously alive during the applicable period also needed
> to go to the jury, and it didn't. But evidence was adduced
> at trial upon which the jury could have made that finding if
> they had been presented with it in the jury instructions,
> which I think they should have been. And I continue to
> believe that's error in this case, plain error, that they
> were not so instructed.
>
> But as to the fact that they were not instructed as to
> the date of the charging instrument, I'm persuaded by the
> State's argument there. And for that reason, I'm going to
> say that what I thought -- I thought I was right, and now I
> think I'm wrong. So I'm going to respectfully deny the
> motion for judgment of acquittal in this case on those
> grounds.

But I urge the defense to take me up on this, because I could have been right the first time, and maybe the appellate court will agree with my original analysis. I'm not sure. But I think it's at least a colorable argument. And we need some law on this matter, anyway, I think. And I think both counsel would agree with the Court on that. I think we need some law, because this is a fairly new wrinkle to the statute of limitations -- I think it's only about five or six years old -- to allow for these child sexual abuse cases, where the allegation doesn't come to light until the child has grown up.

And so these cases are going to continue going to trial. And I think we need guidance on this from the appellate court. And we're going to get it now, one way or the other, because I'm sure the defendant will be appealing this conviction, and this will be one of its principal grounds, my denial of their motion for judgment of acquittal at this point, which I am doing.

On January 16, 2013, the Circuit Court entered its Judgment against Abdon for SA1 and sentenced Abdon to imprisonment for twenty years. This appeal followed.

## II.

### A.

Abdon argues that the Circuit Court erred by denying his post-verdict motion for judgment of acquittal because the State failed to prove beyond a reasonable doubt that the commencement of the prosecution was timely pursuant to HRS §§ 701-114(1)(e) and 701-108. We disagree.

HRS § 701-114 provides:

**§701-114 Proof beyond a reasonable doubt.** (1) Except as otherwise provided in section 701-115, no person may be convicted of an offense unless the following are proved beyond a reasonable doubt:

    (a)    Each element of the offense;

    (b)    The state of mind required to establish each element of the offense;

    (c)    Facts establishing jurisdiction;

    (d)    Facts establishing venue; and

    (e)    *Facts establishing that the offense was committed within the time period specified in section 701-108.*

    (2)    *In the absence of the proof required by subsection (1), the innocence of the defendant is presumed.*

(Emphases added.)

5

HRS § 701-108 provides in relevant part:

§701-108  Time limitations.  . . .

(2)    Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation:

. . . .

(b)    A prosecution for a class A felony must be commenced within six years after it is committed;

. . . .

(4)    An offense is committed either when every element occurs, or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the defendant's complicity therein is terminated.  Time starts to run on the day after the offense is committed.

(5)    A prosecution is commenced either when an indictment is found or a complaint filed, or when an arrest warrant or other process is issued, provided that such warrant or process is executed without unreasonable delay.

(6)    The period of limitation does not run:

. . . .

(c)    For any felony offense under chapter 707, part V or VI, during any time when the victim is alive and under eighteen years of age.

Here, the indictment charged Abdon with the June 1997 SA1, a class A felony[4] which carries a six-year limitations period.  Pursuant to HRS § 701-108(6)(c), this limitations period was tolled during the time CW was alive and under eighteen years old, which ended on April 26, 2006, CW's eighteenth birthday.  As the indictment was filed on April 24, 2012, two days short of six years from CW's eighteenth birthday, it was in fact timely.

---

[4]    HRS § 707-730 provides in relevant part:

§707-730  Sexual assault in the first degree.  (1) A person commits the offense of sexual assault in the first degree if:

. . . .

(b)    The person knowingly subjects to sexual penetration another person who is less than fourteen years old . . . .

(2)    Sexual assault in the first degree is a class A felony.

Abdon's argument is that, pursuant to HRS § 701-114(e), evidence establishing the timeliness of the charge must be presented to the jury. Given the circumstances in this case, we need not decide whether the evidence presented was sufficient because Abdon waived any challenge to the sufficiency of the evidence regarding the statute of limitations. "[A] statute of limitations is not jurisdictional in Hawai'i[.]" State v. Timoteo, 87 Hawai'i 108, 115 n.10, 952 P.2d 865, 872 n.10 (1997). "[A] defendant can waive proof of the elements under HRS § 701-114(1)(c) through (e)." Timoteo, 87 Hawai'i at 113, 952 P.2d at 870. "Under the circumstances of the instant case, this is a question of law that we review de novo under the right/wrong standard." Id. "Although HRS § 701-114(1)(e) statutorily requires the prosecution to adduce proof that an offense was committed within a specific time period, defendants can effectively waive the prosecution's failure to adduce proof without giving their express consent through an on-the-record colloquy." Timoteo, 87 Hawai'i at 116, 952 P.2d at 873 (citation, internal quotation marks, and brackets omitted). "Accordingly, if a defendant effectively waives the provisions of one or more of these subsections of HRS § 701-114(1), then the prosecution can withstand a motion for judgment of acquittal, despite the absence of substantial evidence in the record as to that particular subsection." Timoteo, 87 Hawai'i at 113, 952 P.2d at 870.

As in Timoteo, Abdon waived his challenge to the evidence of timeliness when he requested an instruction on an offense for which the statute of limitations had run. As the Timoteo court observed,

> a defendant who requests a jury instruction covering a time-barred lesser included offense cannot avail himself or herself of the statute of limitations governing that lesser included offense, regardless of "whether he [or she] expressly waives the defense, remains silent, or expressly refuses to waive it." In fact, waiver of the statute of limitations does not even require an affirmative request by the defendant for jury instructions as to the time-barred lesser included offense. Courts have held that a defendant waives the statute of limitations by merely failing to object to jury instructions regarding a time-barred lesser included offense prior to jury deliberations. Therefore, we hold that Timoteo waived the statute of limitations for the time-barred lesser included offense of simple trespass by requesting that the trial court instruct the jury on it.

Timoteo, 87 Hawai'i at 115-16, 952 P.2d at 872-73 (internal citations and footnote omitted).

It is true that the Circuit Court did not give Abdon's requested instruction on the lesser included offense of Sex Assault in the Third Degree. However, under Timoteo, by asking for such an instruction (and also challenging on appeal the failure to give the instruction), Abdon has waived any statute of limitations challenge to the lesser included offense of Sexual Assault in the Third Degree which otherwise would have been time barred.[5] By waiving proof under HRS 701-114(1)(e) for the lesser included crime that was otherwise time-barred, it follows that Abdon similarly has waived his statute of limitations challenge as to the charged crime that was not, in fact time barred.

Moreover, he did not raise the statute of limitations challenge for the charged, SA1 offense "before or at trial,"[6] United States v. DeTar, 832 F.2d 1110, 1114 (9th Cir. 1987), and did not raise any objection to the Circuit Court's jury instruction for the charged SA1 offense. Rather, it was only after the jury returned a verdict of guilty-as-charged that Abdon raised the statute of limitations defense. Under these circumstances, we conclude Abdon waived challenge to the proof of timeliness under HRS § 701-114.

Finally, the facts establishing the timeliness of the SA1 indictment were not in dispute. Abdon's defense was based on an attack on the credibility of CW's testimony; he disputed her version of the events. No challenge to the testimony regarding her birth date was mounted and no contrary evidence was presented. Similarly, no challenge to the date of the indictment was made. Where the facts regarding jurisdiction, venue and timeliness are not in dispute, the failure to present the issues

---

[5]     "Sex Assault in the Third Degree is a class C felony, for which a three-year statute of limitation applies." See HRS §§ 707-732 and 701-108(2)(c).

[6]     During trial, Abdon made two separate oral motions for judgment of acquittal, arguing that the State had not met its burden with regard to time frame because it had not proven that the alleged incident occurred on or about June 1, 1997 through June 30, 1997. This argument, however, does not preserve Abdon's statute of limitations challenge because it is a different defense, which requires proof that the indictment was found by April 26, 2012. See HRS § 701-108.

by way of instructions to the jury is harmless error. State v. Iuli, 101 Hawai'i 196, 207, 65 P.3d 143, 154 (2003) ("where uncontradicted and undisputed evidence of timely prosecution, jurisdiction, and proper venue is contained in the record, the trial court's failure to instruct the jury is harmless beyond a reasonable doubt.").

### B.

Abdon's second argument, that it was error for the Circuit Court to refuse his proffered instruction on the lesser included offense of Sexual Assault in the Third Degree has merit. A trial court's role is to instruct the jury on the relevant law and the jury's role is to render verdicts based on the evidence presented. State v. Adviento, 132 Hawai'i 123, 137, 319 P.3d 1131, 1145 (2014). "[P]roviding instructions on all lesser-included offenses with a rational basis in the evidence is essential to the performance of the jury's function." State v. Flores, 131 Hawai'i 43, 51, 314 P.3d 120, 128 (2013) (citation and internal quotation marks omitted). "[J]ury instructions on lesser-included offenses must be given where there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense." Flores, 131 Hawai'i at 51, 314 P.3d at 128 (citation omitted).

To determine whether there is a "rational basis" for an included offense, we look at the elements of the offense and the state of mind required. A person commits the offense of SA1 if the person "knowingly subjects to sexual *penetration* another person who is less than fourteen years old[.]" HRS § 707-730(1)(b) (emphasis added). A person commits the offense of Sexual Assault in the Third Degree if the person "knowingly subjects to sexual *contact* another person who is less than fourteen years old or causes such a person to have sexual *contact* with the person[.]" HRS § 707-732(1)(b) (emphases added). Thus, the only difference in the two offenses is that the former calls for an act of "sexual penetration" and the latter requires only "sexual contact." See State v. Behrendt, 124 Hawai'i 90, 108, 237 P.3d 1156, 1174 (2010).

The Circuit Court's rationale for refusing to instruct the jury on the lesser-included offense was as follows:

> I don't believe there is a rational basis upon which a reasonable juror could acquit of the charged offense, yet convict of Sexual Assault in the Third Degree in this case. I think if something like that were to happen, it would be a compromise, and that's an inappropriate basis upon which a jury should convict anyone, especially in the context of this case as I heard the testimony.
>
> She was clear and unequivocal, he was just as clear and unequivocal, and the only evidence in this case is her word against his, period, and in order to convict him, the jury's got to believe her version and disbelieve the Defendant, and if they did that, then I don't see how a reasonable juror could say, well, we believe her but maybe he didn't really penetrate her. I think it would be, if they were to acquit on Sex 1 and convict of Sex 3, it would be on an inappropriate basis, it would be a compromise, because some people don't want to convict him at all and some people do and they compromise and say, okay, how about Sex 3.

The Circuit Court relied on law set forth in State v. Haanio, 94 Hawai'i 405, 16 P.3d 246 (2001) and State v. Pauline, 100 Hawai'i 356, 60 P.3d 306 (2002), which has been subsequently overruled by Flores, 131 Hawai'i 43, 314 P.3d 120, to the extent that Haanio and Pauline hold that "the trial court's error in failing to give included offense instructions is harmless if the defendant was convicted of the charged offense or of a greater included offense." Flores, 131 Hawai'i at 57, 314 P.3d at 134;

The definition of "sexual contact" in HRS § 707-700 (1993) states that:

> "Sexual contact" means any touching of the sexual or other intimate parts of a person not married to the actor, or of the sexual or other intimate parts of the actor by the person, whether directly or through the clothing or other material intended to cover the sexual or other intimate parts.

The definition of "sexual penetration" in HRS § 707-700 states that:

> "Sexual penetration" means vaginal intercourse, anal intercourse, fellatio, cunnilingus, anilingus, deviate sexual intercourse, or any intrusion of any part of a person's body or of any object into the genital or anal opening of another person's body; it occurs upon any penetration, however slight, but emission is not required. For purposes of this chapter, each act of sexual penetration shall constitute a separate offense.

In Behrendt, the Hawai'i Supreme Court held that it was not error to instruct the jury on the lesser-included offense of sexual assault in the third degree where there was evidence of sexual penetration rather than sexual contact because there was a

rational basis for the court to instruct the jury on third degree sexual assault. Behrendt, 124 Hawai'i at 109-10, 237 P.3d at 1175-76. The minor victim (SI) testified that she and Behrendt repeatedly engaged in sexual intercourse, while "Behrendt denied having had any sexual interactions with SI.". Behrendt, 124 Hawai'i at 99, 109-10, 237 P.3d at 1165, 1175-76. The Hawai'i Supreme Court reasoned that:

> Although [SI's] testimony indicates that there were incidents of sexual penetration between SI and Behrendt, which would support a conviction for sexual assault in the first degree, a rational juror could have inferred that there was "sexual contact" prior to the penetration, i.e., that there was "touching" of "the sexual or other intimate parts" of SI, such as SI's genitalia, buttocks, or other intimate parts, either directly or through clothing, or that SI touched Behrendt's "sexual or other intimate parts." This testimony, therefore, provided a rational basis to instruct the jury on sexual assault in the third degree[.]

Behrendt, 124 Hawai'i at 110, 237 P.3d at 1176 (internal citations omitted).

Similarly, CW's testimony describing the June 1997 incident of sexual penetration in the shared bedroom when she was nine years old, provided a rational basis to instruct the jury on Sexual Assault in the Third Degree because "a rational juror could have inferred that there was 'sexual contact' prior to the penetration[.]" Behrendt, 124 Hawai'i at 110, 237 P.3d at 1176.

III.

Therefore, the January 16, 2013 Judgment of Conviction and Sentence is vacated and the case is remanded for further proceedings consistent with this memorandum opinion.

DATED: Honolulu, Hawai'i, September 26, 2014.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Associate Judge

Brandon H. Ito,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

11